FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

OCT 25 2018

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR A WARRANT TO SEARCH A WHITE SAMSUNG MODEL SM-G550T1 CELLULAR TELEPHONE WITH SERIAL NUMBER: 358329/08/164254/9 | Case No. 18-2780 BPG |

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, John Messick, Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), being duly sworn, depose and state as follows:

### INTRODUCTION

1. I submit this affidavit to apply for a warrant to search a white Samsung, Model: SM-G550T1 cellular telephone with serial number: 358329/08/164254/9 and any attached SIM or memory card (the "Subject Electronic Device") (also described in Attachment A), that was seized on October 3, 2018 by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) pursuant to a search and seizure warrant executed in the course of an investigation of Malik SMALLWOOD.

2. The Subject Electronic Device is believed to contain and conceal items that constitute evidence of a violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm and/or ammunition and 21 U.S.C. § 841(a), Possession with intent to distribute controlled and dangerous substances. The Subject Electronic Device is currently in the custody of the ATF in Baltimore, Maryland.

3. The applied for warrant would authorize the examination of the Subject Electronic Device for the purpose of identifying electronically stored data described in Attachment B and using the protocols described in Attachment B by members of the ATF, or

1

their authorized representatives, including but not limited to other law enforcement agents assisting in the above described investigation

## AGENT BACKGROUND /TRAINING

4. Your Affiant is "an investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Section 2516 of Title 18, United States Code.

5. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), United States Department of Justice, and has been employed in such capacity since November of 2016. Your Affiant has successfully completed the Criminal Investigator Training Program (CITP) and the ATF Special Agent Basic Training (SABT) Academy at the Federal Law Enforcement Training Center, located in Glynco, Georgia, where your Affiant received specialized training in the investigation of federal crimes involving firearms, alcohol and tobacco diversion, arson and explosives, and narcotics. Your Affiant is currently assigned to the Baltimore Field Division. Your Affiant has participated in numerous investigations including, but not limited to, violent crime, firearms violations, and illegal drugs. Your Affiant has also been involved in one (1) Title III wiretap investigation that involved all three of the aforementioned violations. Your affiant has participated in the arrest of numerous persons for narcotics, violent crime, and/or firearms violations.

6. Prior to employment with ATF, your Affiant was a Probation Officer for the Pickaway County Intensive Supervision Probation Program in Circleville, Ohio for six (6) years. Your Affiant currently possess a Bachelor's Degree in Criminology from Ohio University.

7. Through training, experience, interviews and numerous hours of surveillance of suspected illegal firearms traffickers/possessors, your Affiant is familiar with the actions, traits, habits and terminology used. In addition, illegal firearms/narcotics traffickers frequently use cellular telephones, communication devices, and other electronic media storage to further their illegal activities and frequently maintain numerous such electronic devices in an effort to conceal their activities. Your affiant is familiar with 18 U.S.C. § 922(g)(1), which makes it a violation for any person who has been convicted of a felony to possess any firearms or ammunition in or affecting commerce. Your affiant is also familiar with 21 U.S.C. § 841 (a), which makes it a violation for any person to possess with the intent to distribute controlled dangerous substances.

8. Based upon your affiant's training, experience and participation in this and other firearms/narcotics investigations, I know the following:

    a. Firearms/narcotics traffickers frequently maintain books, ledgers, records and other documents relating to the manufacture, transportation, possession, and distribution of firearms and controlled substances. Such documentation is frequently maintained where the traffickers have ready access to it, including their homes, offices and electronic devices such as cellular phones, pages, personal digital assistants ("PDAs"), or "smart" phones.

    b. Firearms/narcotics traffickers commonly maintain books, records and other documents or items that identify and contain the names, addresses and/or telephone or pager numbers of associates in their narcotics trafficking activities, including, but not limited to cellular telephones, pagers, PDAs, and "smart" phones.

    c. Firearms/narcotics traffickers often use cellular telephones, pagers, PDAs, or "smart" phones, to conduct their business and to store information such as names, addresses, phone numbers, and logs of narcotics sales.

d. Firearms/narcotics traffickers often also keep records of their activities, including the amounts provided and any funds owed. They also generally keep information about co-conspirators on-hand, including phone numbers and other contact information.

9. This investigation is being conducted by the ATF. I have personally participated in this investigation and make this affidavit based upon personal participation in this investigation and based on reports made by other law enforcement officers that will be discussed in detail below. Information resulting from surveillance sets forth observations provided directly or indirectly through other law enforcement officers who conducted such surveillance and interaction. Not all of the facts of the investigation known to me are contained herein, only those necessary to establish probable cause for the stated offenses. I have not, however, omitted any information that would defeat a determination of probable cause. In addition, the summaries do not include references to all statements made on the topics that are described. All quotations from recorded conversations are based upon the affiant having personally listened to the recordings. This affidavit is not intended to include each and every fact and matter observed by me or known to the government.

## PROBABLE CAUSE

10. Since January of 2018, the ATF has been investigating a violent narcotics trafficking organization that operates in the 5100 block of Park Heights Avenue in Baltimore, Maryland and the surrounding areas. Based on evidence gathered to date, including information from confidential sources, observations of law enforcement officers, and controlled purchases of "crack" cocaine, investigators believe that members of the drug trafficking organization (DTO) are responsible for trafficking cocaine base in Northwest Baltimore City. The investigation has also led to the identification of Malik SMALLWOOD with State Identification Number ("SID")

3625427 and FBI Number 924986WD2 as a Felon in Possession of a Firearm in violation of 18 U.S.C. §922(g) and a drug trafficker in violation of 21 U.S.C. §841(a).

11. In connection with the investigation, on October 2, 2018, United States Magistrate Judge David A. Copperthite authorized a search and seizure warrant for 1815 Division Street, Baltimore, Maryland. SMALLWOOD was the target of said warrant.

12. On the morning of October 3, 2018, at approximately 6:01 a.m., members of ATF executed the search and seizure warrant on 1815 Division Street, Baltimore, Maryland. Investigators observed SMALLWOOD inside of the residence. During the search warrant execution, law enforcement also conducted surveillance of the exterior of 1815 Division Street, Baltimore, Maryland. A member of ATF observed SMALLWOOD place one of his legs out of a rear second floor window as though attempting to leave the residence. Law enforcement shined a flashlight on SMALLWOOD and he re-entered the house. Shortly thereafter, law enforcement observed SMALLWOOD at another window of the second floor of the house, and observed SMALLWOOD attempt to throw a gun toward a roof of an adjacent house. The gun did not reach the house and fell to the ground behind 1815 Division Street. A member of ATF recovered the gun from the ground. The firearm that SMALLWOOD threw is a Bursa SA Mini Firestorm 9 millimeter pistol with an obliterated serial number loaded with at least one round of ammunition.

13. The Subject Electronic Device was recovered from SMALLWOOD'S bedroom during the execution of the search warrant.

14. Members of law enforcement also recovered five (5) bags of suspected marijuana from inside of the bedroom closet. The bags weighed approximately 19 grams. I believe the substance is marijuana based on my training, knowledge and experience, as well as my training as a member of ATF in the identification of drugs, my prior experience as a Special Agent in

making drug arrests, my observation of the packaging which is characteristic of marijuana, and the odor emanating from the substance. I also know based on my knowledge, training, and experience, that narcotics traffickers will store narcotics in clear sandwich bags prior to distributing the narcotics.

15. Members of ATF read SMALLWOOD *Miranda* warnings and thereafter, SMALLWOOD stated in substance that he resided inside of 1815 Division Street. SMALLWOOD also told investigators, in substance and post *Miranda*, that the marijuana recovered from the bedroom belonged to him. SMALLWOOD also told investigators that he sells marijuana on Park Heights Avenue, Baltimore, Maryland.

16. I have also reviewed SMALLWOOD's criminal history and determined that he has been convicted of a crime punishable by imprisonment of more than one year. Additionally, I believe that the above-described firearm was manufactured in Argentina and then imported through New Jersey, both outside of the state of Maryland, and thus affected interstate commerce.

17. During the course of the investigation into SMALLWOOD and others, I determined that SMALLWOOD's phone number was 410-329-0551. I based this determination, in part, on a search through several investigative databases which revealed that telephone number 410-329-0551 was registered to SMALLWOOD. After the Subject Electronic Device was recovered, I dialed telephone number 410-329-0551 and noticed that the Subject Electronic Device was ringing. Thus, I believe Subject Electronic Device is assigned telephone number (410) 329-0551.

18. The investigation has also established that the Subject Electronic Device was used in connection with SMALLWOOD's possession of a firearm. For example, on September 18, I

listened to a jail call recorded on September 17, 2018, between Keith WASHINGTON who was incarcerated in a Baltimore City Jail, and SMALLWOOD, who was using telephone number (410) 329-0551. During the conversation, SMALLWOOD said in substance to WASHINGTON, "Just got the 5 Storm so I ain't even trippin, and a 1911." Thus, I believe in the recorded conversation that when SMALLWOOD referenced the "Storm" SMALLWOOD it was a refence to the Mini Firestorm 9 mm pistol that ATF recovered from SMALLWOOD'S residence.

19. Accordingly, based on my training, knowledge and experience and on all of the above information, I believe that the Subject Electronic Device belongs to SMALLWOOD. Additionally, I know based on my training and experience, that drug traffickers use cellular telephones, like the Subject Electronic Device and other electronic devices such as tablets to coordinate with suppliers, customers, and co-conspirators. Thus, I believe evidence related to drug trafficking and firearm possession is present on the Subject Electronic Device.

## CONCLUSION

20. I submit that the facts recounted above establish probable cause that SMALLWOOD has committed a violations of 18 U.S.C. § 922(g)(1) and 21 U.S.C. § 841(a), and that the Subject Electronic Device contains evidence of those crimes.

21. WHEREFORE, I respectfully request that the Court issue a warrant authorizing members of the ATF, or their authorized representatives, including but not limited to other law enforcement agents assisting in the above described investigation, to search the Subject Electronic Device, as described in Attachment A, for the purpose of identifying electronically stored data particularly described in Attachment B and using the protocols described in Attachment A.

John Messick
Special Agent
Bureau of Alcohol, Tobacco Firearms and Explosives

Subscribed and sworn to before me this 10th day of October, 2018.

Hon. Beth P. Gesner
United States Magistrate Judge

## ATTACHMENT A

### Description of the Items to be Searched

- A white Samsung Galaxy, Model: SM-G G550T1, SN: 358329/08/164254/9 and any attached SIM or memory card (the Subject Electronic Device 1)

The device will be charged and powered on. The device is in custody of the ATF in Baltimore, Maryland.

18 - 2 7 8 0 BPG

## ATTACHMENT B

### Search Protocols

This warrant authorizes the search and seizure of the following electronically stored information, contained within the items described in Attachment A:

a. digital images;

b. digital videos;

c. records of incoming and outgoing voice communications;

d. records of incoming and outgoing text messages;

e. the content of incoming and outgoing text messages;

f. voicemails;

g. voice recordings;

h. contact lists; and

i. location data;

that are related to the investigation into narcotics trafficking and firearm violations as more fully described in the Attached Affidavit.

Because of the possibility that the files examined pursuant to the warrant will include information that is beyond the scope of what the United States has demonstrated the existence probable cause to search for, the search shall be conducted in a manner that will minimize to the greatest extent possible the likelihood that files or other information for which there is not probable cause to search is not viewed.

While this protocol does not prescribe the specific search protocol to be used, it does contain limitations to what the government investigators may view during their search, and the searching investigators shall be obligated to document the search methodology used in the event that there is a subsequent challenge to the search that was conducted, pursuant to the following protocol.

With respect to the search of any digitally/electronically stored information that is seized pursuant to this warrant, and described in Attachment A hereto, the search procedure shall include such reasonably available techniques designed to minimize the chance that the

government investigators conducting the search will view information that is beyond the scope for which the probable cause exists.

The following list of techniques is a non-exclusive list which illustrates the types of search methodology that may avoid an overbroad search, and the government may use other procedures that, like those listed below, minimize the review of information not within the list of items to be seized as set forth herein:

a. Use of computer search methodology to conduct an examination of all the data contained in such computer hardware, computer software, and/or memory storage devices to determine whether data falls within the items to be seized as set forth herein by specific date ranges, names of individuals, or organizations;

b. Searching for and attempting to recover any deleted, hidden, or encrypted data to determine whether that data falls within the list of items to be seized as set forth herein;

c. Physical examination of the storage device, including digitally surveying various file directories and the individual files they contain to determine whether they include data falling within the list of items to be seized as set forth herein; and

d. Opening or reading portions of files that are identified as a result of conducting digital search inquiries in order to determine their relevance.